UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH RATCLIFF,

        Plaintiff,                          Case No. 1:22-cv-10360

v.                                          Honorable Thomas L. Ludington
                                                United States District Judge

MORLEY COMPANIES, INC.,

        Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO STAY**

      This case was initiated as a putative class action stemming from a data breach that allegedly exposed sensitive personal information belonging to over 500,000 people. ECF No. 1. Defendant Morley Companies, Inc. has filed a motion to stay this case pending the resolution of the first-filed case involving the data breach: *Thomsen v. Morley Companies, Inc.*, No. 1:22-cv-10271 (E.D. Mich. 2022). ECF No. 5. For the reasons stated hereafter, Defendant's Motion will be granted.

**I.**

      Defendant is a Saginaw-based corporation that offers back-office processing and other business services to a wide range of clients, including Fortune 500 companies. *See* ECF No. 1 at PageID.3. In August 2021, some unknown individuals gained unauthorized access to Defendant's internal network, exposing the names, addresses, Social Security numbers, and other personally identifying information of

approximately 521,046 people. *Id.* at PageID.4. Defendant did not disclose the breach until February 2, 2022, when it posted a notice on its website. *Id.*

Defendant's disclosure set off a wave of lawsuits—seven filed in this Court and one filed in the Saginaw County Circuit Court—all of which involved a putative class of individuals affected by the breach. *Id.* at PageID.12; *Thomsen v. Morley Cos.*, No. 1:22-cv-10271 (E.D. Mich. filed Feb. 10, 2022); *Miller v. Morley Cos.*, No. 1:22-cv-10284 (E.D. Mich. filed Feb. 11, 2022); *Kometh v. Morley Cos.*, No. 1:22-cv-10311 (E.D. Mich. filed Feb. 15, 2022); *Teverbaugh v. Morley Cos.*, No. 1:22-cv-10321 (E.D. Mich. filed Feb. 15, 2022); *Cable v. Morley Cos.*, No. 22-046585-CZ-5 (Mich. Cir. Ct. Saginaw Cnty. filed Feb. 17, 2022); *Journagin v. Morley Cos.*, No. 1:22-cv-10443 (E.D. Mich. filed Feb. 28, 2022); *Jackson v. Morley Cos.*, No. 2:22-cv-10469 (E.D. Mich. filed Mar. 3, 2022). Plaintiff's case is the fifth-filed action of the group. *See* ECF No. 1.

In March 2022, Defendant filed a motion to stay this case pending the resolution of the first-filed action: *Thomsen*. ECF No. 5. Defendant explained that it had met and conferred with plaintiff's counsel in the federal cases and that counsel in every case except this one agreed to dismiss their case in favor of joining *Thomsen* with an amended complaint.[1] *Id.* at PageID.40–41. The goal, Defendant explained,

---

[1] Plaintiff claims that he did not agree to join *Thomsen* because he was "not shown a draft of the amended complaint before it was filed." ECF No. 11 at PageID.109.

was to channel the various cases into one action and thus avoid "duplicative and overlapping litigation." *Id.* at PageID.40. Defendant argued that a stay was appropriate in this case because Plaintiff and the *Thomsen* plaintiffs asserted substantially identical claims,[2] and because Plaintiff "st[ood] to lose nothing" from a stay. *Id.* at PageID.40–41. Specifically, Defendant noted that Plaintiff "[was] a member of the putative class in [*Thomsen*]," that "[t]he statute of limitations on his claims [was] tolled," and that he would "reap the rewards" of any favorable outcome in *Thomsen*. *Id.* at PageID.41.

Plaintiff opposed the motion. ECF No. 11. He argued that his counsel were the most experienced data-breach attorneys and that Defendant's motion was little more than an attempt to "lock [them] out." *Id.* at PageID.107. He also acknowledged that any resolution in *Thomsen* would be "potentially dispositive" of his class claims. *Id.* at PageID.111.

One month after Defendant's motion to stay was filed, Defendant and the *Thomsen* plaintiffs attended a voluntary mediation and reached a tentative agreement to resolve the case. *See* Stipulation and Order, *Thomsen*, No. 1:22-cv-10271 (E.D. Mich. May 13, 2022), ECF No. 15. The parties then stipulated to an order setting

---

[2] Plaintiff and the *Thomsen* plaintiffs all allege (1) negligence, (2) negligence *per se*, (3) breach of implied contract, and (4) unjust enrichment. *Compare* ECF No. 1, *with* First Am. Compl., *Thomsen*, 1:22-cv-10271-TLL-PTM (E.D. Mich. Mar. 14, 2022), ECF No. 7. Plaintiff's Complaint, however, includes one additional claim for violation of Michigan's Consumer Protection Act. ECF No. 1 at PageID.20.

dates for a second-amended complaint and a motion for preliminary approval of the settlement. *Id.*

After the new dates in *Thomsen* were entered, Defendant filed a supplemental motion to stay this case. ECF No. 13. Defendant argued that, with the prospect of settlement now looming over *Thomsen*, there was no need to continue litigating this case, particularly when considering that Plaintiff could simply opt out of the settlement and pursue his claims individually. *Id.* at PageID.140–41. Plaintiff apparently informed Defendant that he would "likely oppose" Defendant's supplemental motion, but he has not filed a response brief. *Id.* at PageID.125.

Having reviewed the parties' briefing, this Court finds that a hearing is unnecessary and will proceed to decide Defendant's motions on the papers. *See* E.D. Mich. LR 7.1(f)(2).

## II.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket . . . . ." *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014) (quoting *Ohio Env't Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977)). Yet courts must "tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Env't Council*, 565 F.2d 393, 396 (6th Cir. 1977). "Where the stay motion is premised on the alleged significance of

another case's imminent disposition, courts have considered [1] the potential dispositive effect of the other case, [2] [the] judicial economy achieved by awaiting adjudication of the other case, [3] the public welfare, and [4] the relative hardships to the parties created by withholding judgment." *Caspar v. Snyder*, 77 F. Supp. 3d 616, 644 (E.D. Mich. 2015).

### III.

Defendant's motion will be granted because each of the four *Caspar* factors weighs in favor of a stay.

*Potential Dispositive Effect*. Plaintiff acknowledges that *Thomsen* is "potentially dispositive" of his class claims. ECF No. 5 at PageID.111. Indeed, the only claim in Plaintiff's complaint not asserted in *Thomsen* is Plaintiff's claim for violation of Michigan's Consumer Protection Act (MCPA). *Compare* ECF No. 1, *with* First Am. Compl., *Thomsen*, No. 1:22-cv-10271 (E.D. Mich. Mar. 14, 2022), ECF No. 7. And it is unclear whether this claim could survive the resolution of the other class claims, as it appears to hinge on the allegation that Defendant "does not value data privacy and does not protect sensitive information." *See* ECF No. 1 at PageID.21. Accordingly, a resolution in *Thomsen* would, at the very least, resolve all but one of Plaintiff's class claims.

*Judicial Economy*. Defendant correctly notes that allowing Plaintiff's case to proceed would likely result in "wholly unnecessary and wholly duplicative

litigation." ECF No. 13 at PageID.142. This is especially true here, as the *Thomsen* parties have already reached a tentative settlement agreement. Plaintiff argues that *Thomsen* is "unwieldy" because 12 different law firms are involved on the plaintiffs' side. ECF No. 11 at PageID.113. But the parties in *Thomsen* have already organized a successful mediation, two amended complaints, and a settlement-approval timeline. *See* Stipulation and Order, *Thomsen*, No. 1:22-cv-10271 (E.D. Mich. May 13, 2022), ECF No. 15. So, while *Thomsen* might be more "unwieldy" than the average class action, the *Thomsen* parties have shown a commitment to litigating in a manner that promotes judicial economy.

*Public Welfare*. It seems indisputable that, all other things being equal, the expeditious resolution of a case promotes the public welfare. *See, e.g., Ford v. Fed.-Mogul Corp.*, No. 2:09-CV-14448, 2015 WL 110340, at *10 (E.D. Mich. Jan. 7, 2015) (approving class-action settlement and noting that settlement "serve[d] the public interest in judicial economy and in resolving disputes in federal courts with expediency and efficiency"). In this case, expediency seems particularly significant given that the putative class is comprised of hundreds of thousands of people, many of whom are likely unaware that their data was compromised. Plaintiff contends that a stay would harm the public welfare because it would "allow defense counsel to select the counsel that they would like to work with." ECF No. 11 at PageID.113. Yet a stay would not alter this Court's duty to investigate the adequacy of class

counsel or the fairness of any settlement. *See* FED. R. CIV. P. 23(e), (g). Nor would it prevent Plaintiff from objecting to any settlement. *See* FED. R. CIV. P. 23(e)(5)(A). A stay would merely allow this Court and the parties to focus limited resources on a single, streamlined case. Accordingly, a stay would more likely than not promote the public welfare.

*Relative Hardships*. Plaintiff contends that he and the putative class would be prejudiced by the exclusion of his counsel, whom he calls the "most qualified . . . to lead the class." ECF No. 11 at PageID.113.[3] Yet there is nothing to stop Plaintiff and his counsel from seeking to intervene in *Thomsen* or from objecting to any settlement. *See* FED. R. CIV. P. 23(e). The only hardship that Plaintiff might suffer from a stay is some delay in the disposition of his claims if the settlement is rejected or he excludes himself from it. Though noteworthy, such contingent hardship is clearly outweighed by the hardship that Defendant would bear in defending two substantially identical class actions.

For these reasons, the balance of the equities weighs in favor of staying this case pending preliminary and final approval of the settlement in *Thomsen*.

**IV.**

---

[3] Notably, Plaintiff has not furnished any evidence of his counsel's qualifications nor explained how those qualifications exceed those of counsel in *Thomsen*.

Accordingly, it is **ORDERED** that Defendant's Motion to Stay, ECF No. 5, and Supplemental Motion to Stay, ECF No. 15, are **GRANTED**. This case is hereby **STAYED** pending preliminary and final approval of the settlement in *Thomsen v. Morley Cos.*, No. 1:22-cv-10271 (E.D. Mich. 2022).


Dated: June 22, 2022                                s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge


CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
June 22, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern for Kelly Winslow
Case Manager